UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:23MJ5170 |
| Plaintiff, | MAGISTRATE JUDGE DARRELL A. CLAY |
| vs. | ORDER REGARDING APPOINTMENT OF COUNSEL |
| EDWARD WADE GREEN, | |
| Defendant. | |

On April 24, 2023, Defendant Edward Wade Green was charged in a Complaint with Travel with Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b), , and Coercion and Enticement, in violation of 18 U.S.C. § 2422(b). Following his arrest on April 24, 2023, he appeared for an initial appearance on April 25, 2023.

During the initial appearance, I received information concerning Mr. Green's income and monthly expenses. I also reviewed the financial information Mr. Green provided to Pretrial Services for its report. Subsequently, I received and reviewed Mr. Green's CJA 23 Financial Affidavit. The available information suggests Mr. Green may have sufficient immediately-accessible financial resources such that he might not be financially eligible for appointment of counsel under the Criminal Justice Act Plan ("Plan") adopted by this Court. However, in light of the Plan's admonishment that "[a]ny doubts about a person's eligibility should be resolved in the person's favor; erroneous determinations of eligibility may be corrected at a later time," *see* Section

1

IV(B)(2)(d) of the Plan, I ultimately concluded that Mr. Green was eligible and therefore appointed attorney Merle R. Dech, Jr. as defense counsel.

Because potential assets may be available to Mr. Green for the retention of counsel, and consistent with Section IV(B)(2)(g) of the Plan,[1] I hereby direct that any funds available to Mr. Myers shall be paid as provided in 18 U.S.C. § 3006A(f).[2]

**IT IS SO ORDERED.**

Dated: <u>April 26, 2023</u>

_____
DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE

---

[1] "If at any time after the appointment of counsel a judge finds that a person provided representation is financially able to obtain counsel or make partial payment for the representation, the judge may terminate the appointment of counsel or direct that any funds available to the defendant be paid as provided in 18 U.S.C. § 3006A(f)."

[2] "Whenever the United States magistrate judge . . . finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid to the appointed attorney . . . or to the court for deposit in the Treasury as a reimbursement to the appropriation, current at the time of payment, to carry out the provisions of this section." 18 U.S.C. § 3006A(f).